## William H. Martin v. Benjamin D. Martin, for use, etc.

1. GARNISHMENT—*Construction of Section 9 of the Act of June 22, 1893—Fraternal Beneficiary Societies.*—The money exempted from attachment by trustee, garnishee, or other process, under section 9 of the act of 1893, providing for the organization and management of fraternal beneficiary societies, is such as is to be paid by the society, not such as has been paid.

Garnishment.—Appeal from the Circuit Court of McDonough County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

SWITZER & MELOAN, attorneys for appellant.

SHERMAN & TUNNICLIFFS, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court. This was a proceeding in garnishment by Benjamin D. Martin for the use of Ida L. McWhinney, his judgment creditor, against William H. Martin, in which the latter, as garnishee, answered that he, as agent of Benjamin D. Martin, had collected and then held in his possession for Benjamin D. Martin, the sum of $1,700 which he received from the Supreme Court of Honor, a fraternal beneficiary society, on a certificate issued by that society upon the life of the wife of Benjamin D. Martin, in which her husband was the beneficiary, she being dead. The answer claimed that said money, being so received, was exempt from garnishment under the provisions of section number nine of the act of June 22, 1893, providing for the organization and manage-

ment of fraternal beneficiary societies. That part of the answer claiming the money to be exempt, was demurred to and the demurrer sustained, and after hearing, upon the remaining part of the answer, and evidence establishing the existence and validity of the judgment, etc., which was the basis of the garnishment proceeding, the court gave judgment against the garnishee, from which he appeals to this court and seeks to effect a reversal because the money he confessed to having in his possession was exempt, as claimed in his answer.

Said section 9 is as follows:

" The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to do business under this act, shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated, or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder." Paragraph 266, Sec. 9, Chap. 73, Hurd's Illinois Statutes (1899).

As the answer of the garnishee showed that the money due the judgment debtor from the fraternal beneficiary society had been actually paid to him as the agent of such debtor, it was no longer exempt by the terms of said section, which only provides such exemption for the money, etc., to be paid, and was doubtless so made to enable such societies to transact their business without being subjected to the harassment of garnishee, or other legal processes aimed to intercept the money, etc., while it was to be paid by them to those they insured, or their beneficiaries. Had the legislature intended to create a general exemption in this respect, doubtless the subject would have been embraced in the title of the act, and it being absent therefrom, a question of its validity might arise if a different meaning was accorded to it.

It seems plain to us that the money exempted is such as is to be paid by the society, while here it had been paid. Finding no error in this record, the judgment of the Circuit Court is affirmed.